UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DIANA CECILIA HAYES, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> BANK OF AMERICA CORPORATION; BANK ) <br> OF AMERICA, NATIONAL ASSOCIATION; ) <br> BAC HOME LOANS SERVICING, LP; MTC ) <br> FINANCIAL INC. d/b/a TRUSTEE CORPS; ) <br> MAVERICK VALLEY PROPERTIES, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:11-cv-01503-GMN-GWF <br><br> **ORDER** |

This is an action arising out of foreclosure proceedings conducted against the property of Plaintiff Diana Cecilia Hayes. Pending before the Court is the Motion to Dismiss (ECF No. 19) filed by Defendants Bank of America Corporation and Bank of America, N.A., for itself and as successor by merger to Defendant BAC Home Loans Servicing (collectively, "Bank of America"). Plaintiff filed a Response (ECF No. 46) and Defendants filed a Reply (ECF No. 53).

I. **BACKGROUND**

Plaintiff's home was sold at a Trustee's Sale after she had previously attempted to negotiate a mortgage loan modification with Bank of America. (Compl., 21:14-15, ECF No. 1-4.) Plaintiff's allegations are based on a Trial Period Plan ("TPP") agreement that Plaintiff negotiated with Bank of America in August 2009 as part of the Federal Home Affordable Modification Program ("HAMP"). (*Id*. at 20:19-21; TPP, Ex. 6 to Compl., ECF No. 1-5.) In June 2010, Bank of America told Plaintiff that she did not qualify for a permanent loan modification, and Bank of America sold the property to Defendant Maverick Valley Properties

at the Trustee's Sale in August 2011. (*Id*. at 21:14-15.)   Defendant MTC Financial d/b/a Trustee Corps, was the temporary trustee until the property could be sold. (*Id*. at 2:12-15.)

Plaintiff alleges four causes of action against the Bank of America Defendants: (1) Breach of Contract and Breach of Covenant of Good Faith and Fair Dealing for Violations of Law Arising from TPP Agreement; (2) Promissory Estoppel, in the alternative; (3) Violations of the Nevada Deceptive Trade Practices Act; and (4) Injunctive Relief. Defendant MTC Financial, Inc., and Defendant Maverick Valley Properties have been dismissed by Stipulation and Order. (ECF Nos. 25, 60.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n*., 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

"Generally, a district court may not consider any material beyond the pleadings in

ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III. DISCUSSION

The Court finds that Plaintiff's Complaint fails to adequately plead each of her causes of action.  Accordingly, the Court will grant the motion.

#### A. Breach of Contract

A claim for breach of contract must allege (1) the existence of a valid contract; (2) that plaintiff performed or was excused from performance; (3) that the defendant breached the terms

of the contract; and (4) that the plaintiff was damaged as a result of the breach. *See* Restatement (Second) of Contracts § 203 (2007); *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000) ("A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement"). As discussed below, the Court finds that although Plaintiff has adequately pled the existence of a valid contract and damages, Plaintiff has failed to adequately plead performance and breach.

### 1. *Valid and Enforceable Contract*

An enforceable contract requires: (1) an offer and acceptance, (2) meeting of the minds, and (3) consideration. *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005). As discussed below, the Court finds that Plaintiff has adequately pled the existence of an enforceable contract.

Plaintiff alleges that Bank of America "entered into a standardized contract with Plaintiff for a temporary trial modification of her existing note and mortgage" and that this was a valid contract. (Compl., 6:16-17, 22:12-13, ECF No. 1-4.) Plaintiff refers to this contract as a "Trial Period Plan 'TPP' Agreement," and alleges that "the TPP Agreement sent by [Bank of America] to Plaintiff constitutes a valid offer" which Plaintiff accepted by executing it and returning it with the supporting documentation. (Compl., 6:21-22, 21:26-28–22:1.) Alternatively, Plaintiff alleges that the *return* of the TPP Agreement constituted an offer by Plaintiff, and that Bank of America accepted it when it accepted Plaintiff's TPP payments. (Compl., 22:2-3.) Plaintiff appears to allege that the negotiations represent a meeting of the minds as to the terms of the agreement.

Plaintiff alleges that the TPP Agreement was supported by consideration in that Plaintiff gave up the ability to pursue other means of saving her home by making the TPP payments. (Compl., 22:4-6.) Further, Plaintiff alleges that the TPP Agreement required Plaintiff to undertake duties that she was not otherwise obligated to undertake, such as submitting "financial documentation that she was not otherwise required to provide, and to make legally

binding representations about her personal circumstances." (Compl. 22:5-11.) Plaintiff concludes that "[t]hese actions constitute both a detriment to Plaintiff and a benefit to [Bank of America]." (Compl., 10-11.)

### 2. *Damages*

The Court finds that Plaintiff has adequately pled damages, since Plaintiff alleges that the wrongful sale of her home at the Trustee's Sale on August 12, 2011 constitutes harm as a result of Bank of America's conduct. (Compl., 22:15-17.)  Also, Plaintiff argues that by making the TPP payments "both during and after the TPP, Plaintiff forewent other remedies that might be pursued to save her home, such as restructuring her debt under the bankruptcy code, or pursuing other strategies to deal with her default, such as selling her home." (Compl., 22:17-21.)

### 3. *Performance and Breach*

Plaintiff alleges that "[b]y failing to offer Plaintiff a permanent HAMP modification, [Bank of America] breached the contract." (Compl., 22:13-15.) Plaintiff alleges that "[t]he modification agreement promised that if Plaintiff complied with the terms of the temporary modification agreement and the her [sic] representations on which the offer of a modification was based continued to be true in all material respects, then Plaintiff would receive a permanent modification on the same terms." (Compl., 6:17-21.)  In its motion, Bank of America argues that Plaintiff fails to allege that she "satisfied all material terms of the TPP Agreement, and therefore, was entitled to a permanent HAMP loan modification." (Mot. to Dismiss, 5:1-2, ECF No. 19.)

Bank of America also argues that "Plaintiff was on notice that a condition to receiving a permanent HAMP loan modification would be contingent on continued satisfaction of the requirements set forth in Section 1" of the TPP Agreement. (Mot. to Dismiss, 6:7-8.)  This condition is recited in the first sentence of the TPP Agreement, and states that, "If I am in compliance with this Trial Period Plan (the "Plan") and my representations in Section 1

continue to be true in all material respects, then the Servicer will provide me with a Home Affordable Modification Agreement ("Modification Agreement"), as set forth in Section 3, that would amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage." (TPP Agreement, ECF No. 1-5.)  Therefore, Bank of America argues, by failing to allege that her "initial representations to support the TPP Agreement were 'still true and correct'" pursuant to Subsection 1, Plaintiff failed to allege her performance under the TPP Agreement. (Mot. to Dismiss, 6:9-13.)

Plaintiff responds to these arguments by pointing to paragraphs in the "Facts" section of her Complaint in which she alleges that she "fully complied with her TPP Agreement, and in fact, even continued to make Trial payments for many months afterwards," that she "supplied information to BOA that was truthful to the best of her knowledge throughout the HAMP process," and that she "fully complied with her TPP Agreement and continued to make Trial payments for over 17 additional months." (Compl., 20:6-7, 21:4-6, 21:16-17.)

Although the Court recognizes that these are not specific allegations that Plaintiff's initial representations were still true and correct, the Court is not persuaded that Plaintiff's allegations of full compliance are insufficient to put Bank of America on notice as to the claim for breach of contract.

However, Bank of America's arguments regarding the plausibility of Plaintiff's allegations of full compliance are well taken.  In the motion, Bank of America attaches the letter sent to Plaintiff in which a permanent loan modification was denied. (Denial Letter, Ex. G to Mot. to Dismiss, ECF No. 19-7.)  The letter explains that "Your loan is not eligible for a Home Affordable Modification because your current monthly housing expense . . . is less than or equal to 31% of your gross monthly income," and that "Your housing expense must be greater than 31% of your gross monthly income to be eligible for a Home Affordable Modification." (*Id.*)  Plaintiff does not dispute this.  Therefore, Bank of America argues that

"Plaintiff cannot plausibly allege that she fully complied with the TPP Agreement and thus deserves a permanent modification because she does not dispute that she failed to meet the requirement that her mortgage payment be greater than 31% of her income." (Defs.' Reply to Mot. to Dismiss, 3:8-11, ECF No. 53.)  The Court agrees.  Because Plaintiff has failed to adequately plead her performance under the agreement, Plaintiff also fails to allege Defendants' breach.

### B. Promissory Estoppel

As an alternative to her claim for breach of contract, Plaintiff claims promissory estoppel.  Promissory estoppel is a substitute for consideration when consideration is lacking. *Vancheri v. GNLV Corp.*, 777 P.2d 366, 369 (Nev. 1989).  As discussed above, the Court finds that Plaintiff has adequately pled the existence of consideration, but not performance.  Therefore, as discussed below, the Court finds that Plaintiff has failed to adequately plead promissory estoppel.

To establish promissory estoppel four elements must exist: (1) the party to be estopped must be apprised of the true facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has the right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and (4) he must have relied to his detriment on the conduct of the party to be estopped. *Pink v. Busch*, 691 P.2d 456, 459 (Nev. 1984).

Plaintiff alleges that "[t]he modification agreement promised that if Plaintiff complied with the terms of the temporary modification agreement and the her [sic] representations on which the offer of a modification was based continued to be true in all material respects, then Plaintiff would receive a permanent modification on the same terms." (Compl., 6:17-21.)  Plaintiff alleges that the TPP Agreement "was to run for three months and specified that 'TIME IS OF THE ESSENCE.'" (Compl., 6:22-23.)  Plaintiff alleges that she made the required

payments and "expected to receive either a final modification or a denial of eligibility before the end of the trial period." (Compl., 6:23-25.)  However, Plaintiff does not allege that the representations on which the offer of a modification was based continued to be true in all material respects.

Bank of America alleges that the TPP warned that compliance with the terms did not guarantee a permanent loan modification. (Defs.' Mot. to Dismiss, 3:14-15, ECF No. 19.) Furthermore, Bank of America alleges that Plaintiff's modification was denied based on the change in her monthly housing expenses, and Plaintiff does not dispute this. (*See* Denial Letter, Ex. G to Mot. to Dismiss, ECF No. 19-7.)

Plaintiff has not alleged that she was ignorant of the true state of facts, and in fact Plaintiff acknowledges that she was aware of the reasons for the denial.  Accordingly, the Court finds that Plaintiff has failed to adequately plead promissory estoppel.

### C. Nevada Deceptive Trade Practices Act

As her third cause of action Plaintiff alleges that Bank of America violated Nevada's Deceptive Trade Practice Act "regarding the operation of its mortgage modification practice" by making "false promises and us[ing] deception, deceptive practices, and/or misrepresentations in connection with mortgage modifications." (Compl., 24:23-24, 25:10-12.) Here Plaintiff's claim fails because she has not adequately pled that Bank of America intended to deceive or that it knowingly misrepresented the facts of the transactions as required by statute under NRS 598.0915(9), 598.0915(15), and 598.092(8).  As discussed above, the terms of the TPP and the grounds for denial of modification stated in the denial letter contradict any allegations of misrepresentations on the part of Bank of America.

Because it is not clear to the Court that Plaintiff cannot remedy the deficiencies in her factual allegations for this cause of action, as well as Plaintiff's causes of action for breach of contract and promissory estoppel, the Court will grant Plaintiff leave to amend her Complaint

**by October 15, 2012**.  Failure to do so by this date will result in this case being closed.

IV.     <u>CONCLUSION</u>

     **IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 19) is **GRANTED.** Plaintiff's Complaint is **DISMISSED**, with leave to amend **by October 15, 2012**.

     **DATED** this 21st day of September, 2012.

                                    _____
                                    Gloria M. Navarro
                                    United States District Judge